## COMINCO PRODUCTS, INC. *v.* STATE TAX COMMISSION

Alfred H. Stoloff, Portland, argued the cause for plaintiff. Alfred H. Stoloff, Portland, and Phillips, Coughlin, Buell & Phillips, Portland, filed a brief for plaintiff.

Ira C. Jones, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision for plaintiff rendered May 27, 1965.

EDWARD H. HOWELL, Judge.

The issue in this case is whether certain fertilizer imported by plaintiff for sale is exempt from ad

valorem personal property taxation because of the import-export clause of the United States Constitution. The facts have been stipulated.

Plaintiff is a subsidiary of Consolidated Mining and Smelting Company of Canada. The fertilizer, manufactured by the latter company, is sold to plaintiff in Canada. Some of the bags of fertilizer are shipped from Canada to Spokane and from there to dealers, but the majority of the bags are shipped directly from Canada to the dealers in Oregon. Balfour, Guthrie and Company is the exclusive agent for the plaintiff and consigns the fertilizer to various dealers around the state. The consignment contract provides, among other things, that plaintiff is the sole owner of the fertilizer.

The stipulation of facts provides that "in the normal course of the dealer's business" the bags are sold by the dealer to the customer without being opened.

Article I, § 10, of the United States Constitution provides: "* * * No State shall, without the Consent of the Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing it's inspection Laws * * *."

■ Since 1827, the rule has been that imported goods are not subject to state taxation, either ad valorem or license, until the articles are either sold, removed from the original package, or put to the use for which they were imported. *Brown v. Maryland,* 25 US (12 Wheat) 419, 6 L Ed 678 (1827); *Low v. Austin,* 80 US (13 Wall) 29, 20 L Ed 517 (1871).

The Supreme Court of the United States has recognized a distinction between goods imported for sale and goods imported for manufacturing. *Youngstown Sheet & Tube Co. v. Bowers* and *United States Ply-*

*wood Corp. v. City of Algoma,* (decided together) 358 US 534, 79 S Ct 383, 3 L Ed2d 490 (1959); *State v. Board of Review, City of Milwaukee,* 15 Wis2d 330, 112 NW2d 914 (1961).

■ If the imported goods are to be used for manufacturing and have entered the manufacturing process and are part of the manufacturers "current operational needs" they are subject to state taxation even though they remain in their original package. *Youngstown Sheet & Tube Co. v. Bowers* and *United States Plywood v. City of Algoma, supra; Continental Coffee Co. v. Bowers,* 174 Ohio St 435, 189 NE2d 901 (1963); *City and County of Denver v. Denver Publishing Co.,* 153 Colo. 539, 387 P2d 48 (1963).

It would appear that the immunity attached to goods in their "original package" (*Brown v. Maryland, supra*) has now been abrogated in manufacturing cases upon the theory that the goods after importation had been put to the use for which they were imported; i.e., the manufacturing process.

■ However, in cases where the goods were imported for resale, as compared to use in manufacturing, the immunity of the "original package" doctrine is retained. In *Tricon, Inc. v. King County,* 60 Wash2d 392, 374 P2d 174 (1962), the plaintiffs were importers of steel and glass products which were held for resale. The goods remained in the original packages in which they arrived until sold to purchasers. The court stated: "We do not think the Supreme Court has indicated by implication that goods imported for resale, and which remain in their original containers, lose their character as imports immune from state taxation when they become a part of the importer's current inventory of goods held for sale. * * *." 374 P2d at 176.

In *State v. Board of Review, City of Milwaukee, supra,* the court held that imported liquor held for sale and still in its original unopened cases could not be taxed but if the cases had been opened the liquor was taxable.

Imported wines still in their original cases in the importer's warehouse for sale to customers were held not taxable in *Low v. Austin, supra.*

There appears to be no valid reason for distinguishing between goods imported for manufacturing and goods imported for sale and this court agrees with the following statement of the Washington Supreme Court in *Tricon, Inc. v. King County, supra*:

> "* * * Whatever may be our thoughts as to any fundamental inconsistency in distinguishing between goods imported for one's own use which become a part of current inventory in the manufacturing process and goods imported for resale which become a part of the importer's current inventory in the selling process, we are bound, as heretofore stated, to accept the rationale of the decisions of the Supreme Court of the United States." 374 P2d at 176.

In the instant case, according to the stipulated facts, the fertilizer is still in its original bags; is owned by the plaintiff and is held for sale. These facts bring the case squarely within the rule announced in the *Tricon* case with the exception that the fertilizer has been consigned to dealers and the goods in the *Tricon* case had not been so consigned.

Research has not disclosed any cases where the courts have been presented with facts involving a consignment by the importer. Does such consignment by the importer cause the goods, otherwise exempt, to become taxable?

In *State v. Board of Review, City of Milwaukee, supra,* and *Parrot & Co. v. City and County of San Francisco,* 131 Cal App2d 332, 280 P2d 881 (1955), both courts mentioned that the goods were exempt from taxation if they were "unsold or unconsigned" and still in their original package. However, no consignments were involved in either case and the references to consignments must be disregarded.

As previously mentioned, the facts have been stipulated and no testimony was presented. In addition, a copy of the consignment contract between plaintiff and the dealers is attached as an exhibit to the stipulation. It provides that title to the fertilizer remains in the plaintiff; the consignee is to maintain separate records and inventories of the consigned goods; the consignee is to submit monthly statements reporting the location and quantity of the inventory; the plaintiff has the right to inspect the goods and to retake possession of all or part of them.

■ Under the authority of the *Tricon* case, *Low v. Austin* and *State v. Board of Review, City of Milwaukee,* the plaintiff could have offered the goods for sale and they would have been exempt from taxation as long as they remained in their original packages. The dealers, if they had been the importers, could have offered the goods for sale in their original packages and they would have been exempt. From the stipulated facts and the consignment contract, this court does not conclude that the consignment by the plaintiff causes the goods to lose their exempt status as an import.